2022 IL App (1st) 210656

SIXTH DIVISION
Filing Date May 6, 2022

No. 1-21-0656

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| THERESA INGRAM, | ) | |
| | ) | Appeal from the |
| Petitioner, | ) | Circuit Court of |
| | ) | Cook County. |
| v. | ) | |
| | ) | No. 19 CH 10626 |
| ANGELA INTILI, M.D., LTD., | ) | |
| | ) | The Honorable |
| Respondent-Appellee, | ) | Anna H. Demacopoulos, |
| | ) | Judge, Presiding. |
| (Thomas O. Plouff, Appellant). | ) | |

_____

JUSTICE SHARON ODEN JOHNSON delivered the judgment of the court, with opinion.
Presiding Justice Pierce and Justice Mikva concurred in the judgment and opinion.

**OPINION**

¶ 1     This appeal arises from the circuit court's grant of respondent Angela Intili, M.D., Ltd.'s

motion for Illinois Supreme Court Rule 137 (eff. Jan. 1, 2018) sanctions against appellant,

attorney Thomas O. Plouff. On appeal, Plouff contends that the circuit court erred in granting

sanctions against him for filing an Illinois Supreme Court Rule 224 (eff. Jan. 1, 2018) petition

and serving said petition with an erroneous summons. For the reasons that follow, we affirm.

¶ 2        Briefly stated, the facts of this case are as follows. Plouff, representing petitioner Theresa Ingram, filed both a Rule 224 petition and a section 2-402 of the Code of Civil Procedure (Code) (735 ILCS 5/2-402 (West 2018)) summons for discovery against respondent on September 13, 2019. Both documents were file stamped at 12:01 p.m. by the clerk of the circuit court, and both were assigned case number 2019-CH-10626. The Rule 224 petition sought the identity of the sales representative for Bayer Essure, Inc., in connection with the sale of Essure, a medical device. The summons for discovery indicated that a complaint was filed on September 13, 2019, however, no complaint was attached to the summons nor did petitioner ever file a complaint in connection with the summons for discovery. The summons was accompanied by a chancery division general civil cover sheet.

¶ 3        Respondent entered its appearance through counsel on March 24, 2020, and filed several pleadings. First, respondent filed a motion to dismiss all legal proceedings against it as a respondent in discovery with prejudice because no underlying action was filed or served, in violation of section 2-402. Next, respondent filed a motion to quash the circuit court's order, which allowed Dr. Intili to be deposed pursuant to the Rule 224 petition because the name of the sales representative had already been provided to petitioner's counsel on October 25, 2019: nevertheless, Plouff refused to terminate the Rule 224 petition until he received certain medical records, a signed declaration or affidavit from Dr. Intili, as well as contact information for the sales representative. On November 8, 2019, the sales representative's business card was forwarded to petitioner's counsel, and petitioner's medical records were sent on May 28, 2019, June 13, 2019, and September 12, 2019. However, because the records did not contain a record of the implantation procedure, petitioner's counsel sought to depose Dr. Intili. On January 10, 2020, respondent's counsel forwarded an affidavit from Dr. Intili related to the absence of

procedure note in petitioner's medical records. Respondent contended that the plain language of Rule 224 only allowed for the discovery of the identification of responsible parties and entities, thus petitioner's requests were outside the scope of the petition and further that pursuant to Rule 224, the petition expired 60 days after issuance. Ill. S. Ct. R. 224 (eff. Jan. 1, 2018). Respondent also filed a motion for Rule 137 (Ill. S. Ct. R. 137 (eff. Jan. 1, 2018)) sanctions, noting that on January 17, 2020, respondent's counsel requested a copy of the underlying complaint that was supposed to accompany the summons in discovery, which was evidently never filed in violation of section 2-402, and reminded petitioner's counsel that Dr. Intili's deposition was outside the scope of a Rule 224 petition.

¶ 4    Petitioner subsequently filed a motion to terminate the Rule 224 proceedings against respondent, which was granted on August 31, 2020. A hearing on respondent's motion for sanctions was held on October 29, 2020, after which, the circuit court entered a written memorandum opinion and order on November 24, 2020.

¶ 5    In its order, the court found that counsel for the parties communicated numerous times regarding the subject matter of the petition and summons, with respondents consistently contending that Plouff's actions were inappropriate and not grounded in existing law. The court specifically found that the sanctionable conduct was as follows: (1) improperly issuing the summons for a respondent in discovery suit under section 2-402 when no underlying cause of action was filed, (2) improperly filing the Rule 224 petition even though a sales representative can never be charged with negligence for representations that the company was responsible for, and (3) proceeding on the expired Rule 224 that had not been extended for good cause. The circuit court noted that although petitioner argued at the hearing that it was not a respondent in discovery action, petitioner's counsel referred to it as such on two separate

occasions. The court found that petitioner clearly intended and referenced this litigation as a respondent in discovery matter, failed to meet the minimum statutory requirements of section 2-402 of the Code (735 ILCS 5/2-402 (West 2018)), and failed to follow the mandates of Rule 224 as petitioner's counsel's actions were outside the scope of the rule. The court also found that petitioner's counsel admitted to the sanctionable conduct on multiple occasions in his declaration filed on November 4, 2020: admitting that the summons should not have been issued pursuant to section 2-402 and that if the pleadings had been amended such conduct could have been avoided and the reason to amend the petition was mooted. The court concluded that good cause existed to impose Illinois Supreme Court Rule 137 (eff. Jan. 1, 2018) sanctions against petitioner and her counsel because they knew that such conduct was impermissible yet continuously circumvented the discovery process and required respondent to engage in litigation where none was warranted. Sanctions were subsequently granted in favor of respondent and against Plouff for $12,783.56, representing respondent's attorney fees and costs, on May 5, 2021. Plouff's timely appeal followed.

¶ 6        On appeal, Plouff contends that the circuit court erred in granting respondent's motion for Rule 137 sanctions against him for serving an erroneous summons with a Rule 224 petition. He argues that Rule 137 sanctions are improper for mistake or inadvertent actions and further that a court cannot impose such sanctions based on a summons when such summons was not a pleading signed by an attorney and did not cause any harm. Plouff contends that the erroneous summons amounted to a "misnomer," for which Illinois forgives misnaming a party. He maintains that there was a simple mistake made in issuing the wrong summons and that "there is a reason it is called the 'practice of law' " and the lesson learned here is that "a lawyer should doublecheck the summons generated by the paralegal, a member of the team who was simply

trying to do her job without bothering the supervising lawyer with what some could consider the minutiae in filing a case."

¶ 7        Additionally, Plouff contends that the Rule 224 petition was proper, that he satisfied the requirements of the rule, and that he sought the name of the sales representative in good faith. He admits that in his firm's product liability litigation it is customary to add every person it knows for a fact to be part of the chain of putting a product into commerce to its pleadings. He argues that, because there could have been a case against the sales representative, the circuit court should not have imposed sanctions on a party "for failing to investigate facts and law when a party presents objectively reasonable arguments for their position, regardless of whether those arguments are ultimately correct." Plouff further contends that he should not have been sanctioned for trying to get petitioner's operative report under the Rule 224 petition and that the circuit court abused its discretion by granting sanctions on a "supposedly" expired Rule 224 petition.

¶ 8        Rule 137 is intended to prevent the filing of false and frivolous lawsuits. *Stiffle v. Baker Epstein Marz*, 2016 IL App (1st) 150180, ¶ 32. Compliance with Rule 137 requires that

"[e]very pleading, motion and other document of a party represented by an attorney shall be signed by at least one attorney of record ***. *** The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion or other document; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." Ill. S. Ct. R. 137 (eff. Jan. 1, 2018).

¶ 9    The rule is designed to prohibit the abuse of the judicial process by claimants who make vexatious and harassing claims based on unsupported allegations of fact or law but not to penalize attorneys or litigants who were zealous but unsuccessful. *Stiffle*, 2016 IL App (1st) 150180, ¶ 32. The party seeking sanctions for a violation of Rule 137 bears the burden of proof and must show that the opposing party made untrue and false allegations without reasonable cause. *Id.* Since Rule 137 is penal in nature, it must be strictly construed. *Id.*

¶ 10    The decision to grant or deny sanctions under Rule 137 is entrusted to the sound discretion of the trial court, to be overturned only when it appears from the record that the court abused its discretion. *Technology Innovation Center, Inc. v. Advanced Multiuser Technologies Corp.*, 315 Ill. App. 3d 238, 244 (2000). A trial court abuses its discretion when its finding is against the manifest weight of the evidence, or if no reasonable person would take the view adopted by it. *Id.* When reviewing a decision on a motion for sanctions, the primary consideration is whether the circuit court's decision was informed, based on valid reasoning, and follows logically from the facts. *Id.* The circuit court has discretion under Rule 137 to determine the appropriate sanction for the circumstances regardless of the sanction requested by the movant. *Heckinger v. Welsh*, 339 Ill. App. 3d 189, 192 (2003). With those general principles in mind, we examine whether the Rule 224 petition and the section 2-402 summons were false and frivolous pleadings or other documents that would support the grant of Rule 137 sanctions against Plouff.

¶ 11    The record reveals that petitioner, by Plouff, filed both a Rule 224 petition and a section 2-402 summons for discovery on September 13, 2019.

¶ 12    Rule 224, titled "Discovery Before Suit to Identify Responsible Persons and Entities," provides in pertinent part as follows:

"(a) Procedure.

(1) *Petition*.

(i) A person or entity who wishes to engage in discovery for the sole purpose of ascertaining the identity of one who may be responsible in damages may file an independent action for such discovery.

(ii) The action for discovery shall be initiated by the filing of a verified petition in the circuit court of the county in which the action or proceeding might be brought or in which one or more of the persons or entities from whom discovery is sought resides. The petition shall be brought in the name of the petitioner and shall name as respondents the persons or entities from whom discovery is sought and shall set forth: (A) the reason the proposed discovery is necessary and (B) the nature of the discovery sought and shall ask for an order authorizing the petitioner to obtain such discovery. The order allowing the petition will limit discovery to the identification of responsible persons and entities and where a deposition is sought will specify the name and address of each person to be examined, if known, or, if unknown, information sufficient to identify each person and the time and place of the deposition.

\*\*\*

(b) Expiration and Sanctions. Unless extended for good cause, the order automatically expires 60 days after issuance. The sanctions available under Supreme Court Rule 219 may be utilized by a party initiating an action for discovery under this rule or by a respondent who is the subject of discovery under this rule." Ill. S. Ct. R. 224 (eff. Jan. 1, 2018).

¶ 13    The plain language of Rule 224 allows a petitioner to engage in discovery to ascertain the identity of multiple persons and entities who may be responsible in damages. *Dent v. Constellation NewEnergy, Inc.*, 2020 IL App (1st) 191652, ¶ 24. The only use and purpose of Rule 224 is to ascertain the identity of a potential defendant. *Roth v. St. Elizabeth's Hospital*, 241 Ill. App. 3d 407, 414 (1993). Once a potential defendant's identity is learned, a petitioner can then file a case and use the discovery provisions of the rules or the Code to conduct full discovery of those named as respondents-in-discovery to determine who in fact was responsible. *Id.* Rule 224 is inapplicable when the identity of any potential defendant is already known. *Maxon v. Ottawa Publishing Company*, 402 Ill. App. 3d 704, 710 (2010); *Malmberg v. Smith*, 241 Ill. App. 3d 428, 432 (1993). Rule 224 is not intended to permit a party to engage in a wide-ranging, vague, and speculative quest to determine whether a cause of action actually exists. *Low Cost Movers, Inc. v. Craigslist, Inc.*, 2015 IL App (1st) 143955, ¶ 17. Involvement of the trial court protects against abuses of the discovery process and guards against fishing expeditions. *Id.* ¶ 12.

¶ 14    In contrast, section 2-402 recognizes "individuals or other entities, other than the named defendants, believed by the plaintiff to have information essential to the determination of who should properly be named as additional defendants in the action." 735 ILCS 5/2-402 (West 2018); *Westwood Construction Group, Inc. v. IRUS Property, LLC*, 2016 IL App (1st) 142490, ¶ 11. Section 2-402 provides that

    "a person or entity named as a respondent in discovery in any civil action may be made a defendant in the same action at any time within 6 months after being named as a respondent in discovery, even though the time during which an action may otherwise be initiated

against him or her may have expired during such 6 month period." 735 ILCS 5/2-402 (West 2018).

¶ 15 Section 2-402 was originally enacted to provide plaintiffs in medical malpractice actions with a means of filing suit without naming everyone in sight as a defendant by permitting a plaintiff to obtain discovery against a person or entity against whom he may have a claim. *Westwood*, 2016 IL App (1st) 142490, ¶ 13; *Coyne v. OSF Healthcare System*, 332 Ill. App. 3d 717, 718 (2002). It allows plaintiffs to name as respondents in discovery those persons or entities whose culpability cannot be determined at the time the complaint is filed, ensures that litigation does not become overly burdensome to potential defendants, and also allows plaintiffs to obtain relevant information from those who possess it in order to determine whether a claim can be stated against potential defendants. *Westwood*, 2016 IL App (1st) 142490, ¶ 13. The six-month statutory period begins on the day the plaintiff files a complaint naming respondents in discovery. *Robinson v. Johnson*, 346 Ill. App. 3d 895, 902 (2003).

¶ 16 It is undisputed that when Plouff filed the Rule 224 petition on September 13, 2019, he was aware of at least two proper defendants for the potential action: Bayer, the manufacturer of the Essure device, and respondent. This is so, regardless of any potential action against the particular doctor that inserted the Essure device (which was subsequently determined to be Dr. Intili) or the sales representative from Bayer. As such, we find that under the plain language of the rule as well as Illinois caselaw that the Rule 224 petition was invalid from the outset. Plouff insisted in the circuit court below and on this appeal that it was his intent to file the Rule 224 petition. However, as noted above, such petition is inapplicable when the identity of a potential defendant is known. *Maxon*, 402 Ill. App. 3d at 710. Here, Plouff was aware of two potential defendants prior to filing the Rule 224 petition. Thus, Plouff should have filed a complaint

naming those defendants and naming respondents in discovery under section 2-402 instead of a Rule 224 petition. Plouff's subsequent move to terminate the Rule 224 petition after respondent filed the motion for sanctions does not change the fact that the petition was inapplicable and invalid from the outset. We therefore conclude that Plouff filed a frivolous and inapplicable Rule 224 petition.

¶ 17    Even if the Rule 224 petition was applicable, we would still conclude that Plouff's actions exceeded the scope of the rule. Specifically, Plouff's attempts to use the Rule 224 petition to initiate other discovery beyond the name of the sales representative were also outside the scope of the rule, as application of the rule is limited to the identification of a potential defendant and not to whether a cause of action is supported. See *Low Cost Movers,* 2015 IL App (1st) 143955, ¶ 17. Thus, Plouff's attempt to depose Dr. Intili regarding the missing procedure note was improper under a Rule 224 petition. Additionally, his refusal to terminate the Rule 224 proceedings after he was provided with the name of the sales representative was improper because the purpose of the rule had been satisfied. Moreover, as noted by respondent and determined by the circuit court, per the plain language of Rule 224, the petition automatically expired 60 days after its issuance, on November 12, 2019. It is of little consequence that Plouff later sought and was granted leave to amend the expired petition[1] because the information sought was outside the scope of a Rule 224 petition. We therefore conclude that the circuit court did not abuse its discretion in granting sanctions against Plouff for filing the Rule 224 petition.

---

[1]The record reveals that he did not file the amendment.

¶ 18    Turning our attention to the section 2-402 summons in discovery that Plouff filed, we find that it failed to comply with the minimum requirements of the statute. A section 2-402 summons in discovery is meant to accompany an underlying complaint and allows discovery to ascertain other potential defendants in the action. 735 ILCS 5/2-402 (West 2018). Here, it is undisputed that Plouff never filed a complaint.[2] Thus, the section 2-402 summons as filed did not meet the statutory minimum requirements and was invalid when it was filed.

¶ 19    We reject Plouff's argument that the circuit court could not impose sanctions based on a summons because a summons is not a pleading. Rule 137 sanctions apply to pleadings, motions and other documents filed by a party represented by counsel. Ill. S. Ct. R. 137 (eff. Jan. 1, 2018). The summons in discovery falls under the category of "other document" and is clearly covered by Rule 137. As a result, the finding that Plouff violated Rule 137 and was thus subject to sanctions was not against the manifest weight of the evidence. We therefore conclude that the circuit court did not abuse its discretion in granting Rule 137 sanctions in an amount equal to respondent's attorney fees against Plouff for failing to file a proper section 2-402 summons in discovery and complaint.

¶ 20    Plouff's argument on appeal that it was simply a mistake made by a paralegal is belied by all the times he referred to respondent as the respondent in discovery, to wit: his communication during the proceedings below with respondent's counsel, in open court, and in his own declaration filed in the circuit court on November 4, 2020. Additionally, we remind counsel that, as the attorney, he had an affirmative duty to conduct an inquiry of the facts and

---

[2]Respondent repeatedly requested the complaint and searched the circuit court's docket to no avail, the circuit court found that he did not file the complaint, and Plouff eventually admitted that he did not file it.

law prior to filing any action, pleading, or other paper. Ill. S. Ct. R. 137 (eff. Jan. 1, 2018). In this case, the frivolous pleading and summons filed were not the result of a "mistake" by the paralegal but were the result of Plouff's failure to ensure that the circumstances presented met the requirements of Rule 224 or section 2-402 prior to the paralegal's preparation of the documents and certainly before filing them with the clerk of court. In Illinois, paralegals are an extension of their employing attorney and the attorney can be held liable for the paralegal's actions. *In re Estate of Divine*, 263 Ill. App. 3d 799, 809 (1994). The reason being that paralegals do not independently practice law but are simply assistants to lawyers. *Id.*

¶ 21     We conclude that the record supports a finding that Plouff violated Rule 137 by erroneously filing a section 2-402 summons with a Rule 224 petition and that the circuit court did not abuse its discretion in granting respondent's motion for Rule 137 sanctions. We may affirm a correct judgment of the circuit court for any reason in the record regardless of the circuit court's basis for the decision. *Dunlap v. Alcuin Montessori School*, 298 Ill. App. 3d 329, 338 (1998).

¶ 22     We therefore affirm the award of sanctions against Plouff in the amount of $12,783.56 representing respondent's attorney fees incurred as a result of defending and responding to Plouff's frivolous filings.

¶ 23     Affirmed.

---

**No. 1-21-0656**

---

| | |
|---|---|
| **Cite as:** | *Ingram v. Angela Intili, M.D., Ltd.*, 2022 IL App (1st) 210656 |

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 19-CH-10626; the Hon. Anna H. Demacopoulos, Judge, presiding. |

---

| | |
|---|---|
| **Attorneys for Appellant:** | James P. Costello, of Costello, McMahon, Gilbreth & Murphy, Ltd., of Chicago, for appellant. |

---

| | |
|---|---|
| **Attorneys for Appellee:** | William P. Sullivan, of Frankfort, for appellee. |

---