NOTICE
Decision filed 09/16/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2024 IL App (5th) 230090-U

NO. 5-23-0090

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| KARL DANIEL, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | St. Clair County. |
| | ) | |
| v. | ) | No. 22-MR-231 |
| | ) | |
| DRURY HOTELS COMPANY, LLC, | ) | Honorable |
| | ) | Julie K. Katz, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE WELCH delivered the judgment of the court.
Justices Moore and McHaney concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The circuit court erred in not dismissing the petitioner's petition for discovery filed pursuant to Illinois Supreme Court Rule 224 (eff. Jan. 1, 2018) where the petitioner already knew the identity of a potential defendant who may be responsible for his alleged injuries.

¶ 2   The petitioner, Karl Daniel, commenced the underlying action to ascertain the identities of those responsible for the personal injuries he suffered after a slip and fall on premises owned by the respondent, Drury Hotels Company, LLC. On November 14, 2022, the petitioner filed a petition for discovery pursuant to Illinois Supreme Court Rule 224 (eff. Jan. 1, 2018), naming the respondent as the entity in possession of information that would identify the potential defendants responsible for his personal injuries. The instant appeal arises from the circuit court's order of February 8, 2023, denying the respondent's motion to dismiss filed pursuant to section 2-615 of

1

the Code of Civil Procedure (Code) (735 ILCS 5/2-615 (West 2020)), finding that the petitioner was entitled to certain discovery. For the following reasons, we reverse.[1]

¶ 3                                    I. BACKGROUND

¶ 4      On November 14, 2022, the petitioner filed a petition for discovery pursuant to Rule 224, which indicated that, on February 5, 2022, the petitioner was a patron and customer of the Drury Inn and Suites (Drury Inn) located at 12 Ludwig Drive in Fairview Heights, Illinois. While walking on the premises, the petitioner slipped and fell on a frozen substance caused by either an unnatural accumulation of ice, snow, or other substance or a natural cause aggravated by the property owner. As a result of this slip and fall, the petitioner suffered personal injuries.

¶ 5      The petitioner brought this Rule 224 petition to ascertain the identities of those who may be responsible for his injuries. Specifically, the petitioner sought the following identifying information from the respondent: (1) the names and addresses of all individuals or entities doing business as Drury Inn at that location as of the time of the occurrence; (2) the names and addresses of all employees of that Drury Inn on the date of the incident; (3) the names and addresses of all current employees of that Drury Inn; (4) the names and addresses of all owners of that Drury Inn on the date of the occurrence; (5) the current names and addresses of all owners of that Drury Inn; (6) the names and addresses of all individuals and entities that provided snow or ice removal

_____

[1]We note that the petitioner has failed to file an appellee's brief. There are three distinct, discretionary options a reviewing court may exercise in the absence of an appellee's brief: (1) it may serve as an advocate for the appellee and decide the case when the court determines justice so requires, (2) it may decide the merits of the case if the record is simple and the issues can be easily decided without the aid of the appellee's brief, or (3) it may reverse the trial court when the appellant's brief demonstrates *prima facie* reversible error that is supported by the record. *Thomas v. Koe*, 395 Ill. App. 3d 570, 577 (2009). In this case, the record is simple, and the claimed errors are such that we can easily decide them without the aid of the appellee's brief.

2

services to that Drury Inn from November 1, 2021, through February 5, 2022; (7) the names and addresses of all individuals and entities that provided salting services to that Drury Inn from November 1, 2021, through February 5, 2022; (8) the names and addresses of all individuals and entities that provided maintenance, repairs, or alterations to the pavement at that Drury Inn during the five years prior to the date of the incident; and (9) the names of all individuals, businesses, and entities that have not otherwise been identified that had an interest in that Drury Inn at the time of the incident and their interest in the premises. The petition requested that the circuit court enter an order requiring the respondent to produce the requested information and to allow the petitioner to use all available discovery means to obtain this information.

¶ 6       On December 15, 2022, the respondent filed a motion to dismiss the petition pursuant to section 2-615 of the Code (735 ILCS 5/2-615 (West 2020)) as well as a supporting memorandum of law. In the motion, the respondent contended that Rule 224 was limited to ascertaining the identity of one individual or entity who may be responsible for the petitioner's damages. The respondent argued that the petitioner could not use Rule 224 to conduct pre-suit discovery when he was already aware of the identity of at least one potential defendant, the respondent; he was aware that the respondent was the manager and operator of the premises where he was allegedly injured. Instead, the petitioner was required to file suit against the known defendant and utilize the standard discovery process to ascertain the identity of other potential defendants. In the memorandum, the respondent contended that the petitioner had exceeded the scope and intent of Rule 224 by seeking the identities of nine separate categories of other persons or entities, including current and former employees, and the Rule 224 petition constituted an unwarranted fishing expedition.

3

¶ 7 On December 27, 2022, the petitioner filed a response to the motion to dismiss, in which he disagreed with the respondent's argument that Rule 224 discovery was not permitted when a petitioner knew the name of at least one potential defendant. The petitioner contended that he was not seeking any information about liability or responsibility. Instead, he only sought information that would identify certain businesses and individuals. Moreover, the petitioner indicated that he had already contacted the respondent's counsel and offered to limit the Rule 224 discovery even further to only the identification of persons or entities that provided snow removal, ice removal, or salting services during a specific four-month period.

¶ 8 On February 8, 2023, the trial court held a hearing on the motion to dismiss. During the hearing, the court indicated that there was a conflicting line of cases as to whether a petitioner was prohibited from filing a Rule 224 action when the identity of one defendant was known. The court then indicated that it would follow *Beale v. EdgeMark Financial Corp.*, 279 Ill. App. 3d 242 (1996), which permitted a Rule 224 action for discovery despite petitioner already having knowledge of the identities of some individuals who may be liable. That same day, the circuit court entered a written order, denying the motion to dismiss and ordering discovery related to the identity of persons or entities that provided snow removal, ice removal, or salting services within four months of the incident. The respondent appeals.

¶ 9                                    II. ANALYSIS

¶ 10 The sole issue on appeal is whether the trial court erred in denying the respondent's motion to dismiss and permitting the Rule 224 action for certain discovery.

¶ 11 A motion to dismiss filed under section 2-615 challenges the legal sufficiency of the complaint based on defects apparent on its face. *Marshall v. Burger King Corp.*, 222 Ill. 2d 422, 429 (2006). The relevant question is whether the facts alleged in the complaint, viewed in the light

4

most favorable to petitioner, and taking all well-pleaded facts and all reasonable inferences that may be drawn from those facts as true, are sufficient to state a cause of action upon which relief may be granted. *Reynolds v. Jimmy John's Enterprises, LLC*, 2013 IL App (4th) 120139, ¶ 25. A court should dismiss a claim pursuant to section 2-615 when it is clearly apparent that no set of facts can be proven that will entitle plaintiff to recovery. *Marshall*, 222 Ill. 2d at 429. We review the court's ruling on a section 2-615 motion to dismiss *de novo*. *Id.*

¶ 12    Also, in general, this court reviews a trial court's ruling on a Rule 224 petition under an abuse of discretion standard. *Maxon v. Ottawa Publishing Co.*, 402 Ill. App. 3d 704, 709 (2010). However, where a trial court's exercise of discretion relies upon a conclusion of law, our review is *de novo*. *Id.* at 710.

¶ 13    Illinois Supreme Court Rule 224(a)(1)(i) (eff. Jan. 1, 2018) provides that "[a] person or entity who wishes to engage in discovery for the sole purpose of ascertaining the identity of one who may be responsible in damages may file an independent action for such discovery." Rule 224(a)(1)(ii) further provides that the verified petition seeking such discovery must set forth the reason the discovery is necessary, and the nature of the discovery sought. Ill. S. Ct. R. 224(a)(1)(ii) (eff. Jan. 1, 2018). An order granting the petition should limit discovery to the identification of responsible persons and entities. *Id.*

¶ 14    The plain language of Rule 224 permits a petitioner to engage in discovery to ascertain the identity of persons or entities who may be responsible in damages. *Ingram v. Angela Intili, M.D., Ltd.*, 2022 IL App (1st) 210656, ¶ 13. It is "not intended to permit a party to engage in a wide-ranging, vague, and speculative quest to determine whether a cause of action actually exists." *Id.* Thus, discovery pursuant to Rule 224 is limited to ascertaining the identity of potential defendants. *Malmberg v. Smith*, 241 Ill. App. 3d 428, 432 (1993). Once the identity of a potential defendant

5

has been ascertained, the purpose of the rule has been accomplished, and the action should be dismissed. *Roth v. St. Elizabeth's Hospital*, 241 Ill. App. 3d 407, 413 (1993). A Rule 224 petition is inapplicable when the identity of any potential defendant is already known. *Maxon*, 402 Ill. App. 3d at 710. Once a potential defendant's identity is learned, a petitioner can then file a case and use the discovery provisions of the Illinois Supreme Court rules or of the Code to conduct full discovery of those named as respondents-in-discovery to determine who was responsible. *Ingram*, 2022 IL App (1st) 210656, ¶ 13.

¶ 15    However, emphasis should not be placed on identity alone but on the entire phrase used in Rule 224: "identity of one who may be responsible." Ill. S. Ct. R. 224(a)(1)(i) (eff. Jan. 1, 2018); *Beale*, 279 Ill. App. 3d at 252. To determine those who may be responsible, petitioner must be able to identify "those individuals or entities who stand in the universe of potential defendants." *Beale*, 279 Ill. App. 3d at 252. If there is a sufficient connection to the injury by an individual or entity so as to place such individual or entity within the universe of potential defendants, petitioner may not seek further discovery pertaining to any actual wrongdoing. *Id.* "However, where the known connection to the injury is remote and does little or nothing to limit or define the universe of potential defendants, the petitioner should not be precluded from ascertaining additional connecting facts to further refine the universe of defendants having potential liability so long as the attempted discovery does not seek to delve into any actual details of wrongdoing." *Id.* at 252-53.

¶ 16    Here, in his petition seeking Rule 224 discovery, the petitioner indicated that he was a patron and customer of the Drury Inn on February 5, 2022, when he was walking on the premises and slipped and fell on a frozen substance caused by either an unnatural accumulation of ice, snow,

or other substance, or a natural cause aggravated by the premise owner that resulted in him suffering personal injuries. The respondent was the manager and operator of the premises.

¶ 17    In seeking Rule 224 discovery, the petitioner did not dispute that he knew the identity of a potential defendant, the respondent, but he argued that Rule 224 discovery was necessary to determine the identity of the individual or entity who provided snow removal and/or salting services to the Drury Inn on the date in the question. The petitioner argued that, if the accident was the result of the person or entity providing snow removal and/or salting services, then Drury Inn might not be liable for his injuries. Relying on a footnote in *Beale*, the trial court found that knowledge of the identity of one potential defendant did not preclude Rule 224 discovery to ascertain the identity of other potential defendants. In making this decision, the court acknowledged that there were cases that supported the respondent's position, but the court found *Beale* more well-reasoned and, thus, followed it. The court also noted that the petitioner had limited his inquiry to learning the identities of potential defendants.

¶ 18    *Beale* involved an alleged insider trading scheme of EdgeMark stock. *Id.* at 246-47. Although petitioner knew the identity of stock purchasers and that some of them were insiders, petitioner sought to discover which stock purchasers had access to insider information. *Id.* at 253. In finding that the request did not exceed the scope of Rule 224, the First District Appellate Court concluded that petitioner's knowledge of the names of individuals who acquired stock in EdgeMark immediately before the public announcement, without more, did little if anything to define or narrow the universe of potential defendants from the general members of the stock-purchasing public. *Id.* The court, thus, concluded that a reasonable interpretation of Rule 224 would permit the trial court some latitude of discretion under its provisions to allow discovery of

7

certain additional facts pertaining to the relationship between the stock purchasers and the corporate insiders to further define and narrow the universe of potential defendants. *Id.*

¶ 19 The relevant footnote in *Beale* that the trial court here relied on in making its decision stated as follows:

> "EdgeMark relies on language in *Roth v. St. Elizabeth's Hospital*, 241 Ill. App. 3d 407 \*\*\* (1993), that the Rule 224 petition was factually inappropriate because the petitioner admittedly knew the names of several individuals involved in the decedent's medical care. In reliance on that language, EdgeMark argues that Beale was not entitled to utilize Rule 224 because he knew the identity of some defendants and had filed a federal lawsuit against them which was pending at the time the trial court ruled upon Beale's Rule 224 petition. We disagree. As discussed in the text of this opinion, *Roth* did not hold that Rule 224 discovery is not permitted where the petitioner knows the name of a potential defendant. In fact, the court recognized that the petitioner was permitted access by way of her Rule 224 petition to the name of an additional doctor who acted as a consultant. See 241 Ill. App. 3d at 419 \*\*\*. *Roth* held that Rule 224 discovery is not permissible where the petitioner knows the names and certain other information that establishes the potentiality for liability. In *Roth*, the petitioner knew the names of the doctors as well as their liability potential in the fact that they had rendered medical care to the decedent. The petitioner's Rule 224 petition was denied because it sought specific information concerning actual liability." *Id.* at 251 n.3.

¶ 20 Thus, on occasion, the identification of a potential defendant may require more than simply a name. *Gaynor v. Burlington Northern & Santa Fe Ry.*, 322 Ill. App. 3d 288, 294 (2001). In those instances, "discovery under Rule 224 is not limited to the petitioner's ascertainment of a name only. However, even under *Beale*, knowledge of the connection of an individual to the injury involved will preclude further discovery under the rule." *Id.*

¶ 21 Even under *Beale*, which has expanded the discovery permitted under Rule 224, we conclude that the petitioner here is not permitted to proceed with Rule 224 discovery since he already knows the identity of a potential defendant who may be responsible for his alleged injuries. The purpose of a Rule 224 action is to ascertain "the identity of one who *may* be responsible in damages." (Emphasis added.) Ill. S. Ct. R. 224(a)(1)(i) (eff. Jan. 1, 2018). The petitioner was allegedly injured while on the respondent's premises. It was undisputed that, when the petitioner

8

filed his Rule 224 petition, he knew the identity of the manager and operator of the property where his alleged injury occurred. Thus, the connection between his alleged injury and the identity of a potential defendant is already known and not remote.

¶ 22    As stated above, it is well established that, once the identity of a potential defendant has been ascertained, the purpose of the rule has been accomplished, and the action should be dismissed. *Roth*, 241 Ill. App. 3d at 413. Thus, we conclude that the trial court abused its discretion when it ordered the discovery sought by the petitioner in the Rule 224 action. To obtain additional discovery, the petitioner may now utilize either the respondents-in-discovery statute of the Code (735 ILCS 5/2-402 (West 2020)) or the general discovery provisions of the Illinois Supreme Court rules.

¶ 23                            III. CONCLUSION

¶ 24    For the foregoing reasons, the order entered by the circuit court of St. Clair County is reversed, and the petition is dismissed.


¶ 25    Order reversed.