2024 IL App (1st) 231805

No. 1-23-1805

Opinion filed December 6, 2024

Sixth Division

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| YVONNE WILLIAMS, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | |
| | ) | Appeal from the Circuit Court |
| McALLISTER NURSING AND REHAB, LLC, | ) | of Cook County. |
| an Illinois Limited Liability Company; | ) | |
| WINDSOR ESTATES NURSING AND REHAB | ) | |
| CENTRE, LLC, an Illinois Limited Liability | ) | No. 2023 L 1231 |
| Company; and INNOVATIVE MANAGEMENT | ) | |
| ASSOCIATES, INC., an Illinois Corporation, | ) | |
| | ) | |
| | ) | The Honorable |
| Defendants | ) | Scott D. McKenna, |
| | ) | Judge, presiding. |
| (Elevate Care Country Club Hills, LLC, | ) | |
| | ) | |
| Respondent-in-Discovery-Appellant). | ) | |
| | ) | |

JUSTICE HYMAN delivered the judgment of the court, with opinion.
Presiding Justice Tailor and Justice C.A. Walker concurred in the judgment and opinion.

**OPINION**

¶ 1   Does Illinois's respondent in discovery statute, section 2-402 of the Code of Civil

Procedure (735 ILCS 5/2-402 (West 2022)), allow a plaintiff to name as a respondent in

discovery a person or entity believed in good faith to have information that may lead to additional defendants other than the respondent in discovery?

¶ 2    We hold that section 2-402 does not limit additional defendants to only the respondent in discovery.

¶ 3    Yvonne Williams developed pressure ulcers while a resident at Windsor Estate Nursing and Rehab Centre, LLC (Windsor Estate). She sued Windsor Estate and other entities involved with the nursing home's ownership and operations, alleging negligence and Nursing Home Care Act violations. Williams also named Elevate Care Country Club Hills, LLC (Elevate Care), as a respondent in discovery under section 2-402 (*id.*) to obtain medical records she contends Elevate Care possessed after it became the sole operator of the nursing home several months after her discharge.

¶ 4    Elevate Care moved to terminate its status as a respondent in discovery, arguing that Williams improperly used section 2-402, as it could not be converted to a defendant. The trial court denied the motion and ordered production. After Elevate Care refused to comply, it was found in friendly contempt and fined.

¶ 5    Elevate Care appeals, asking us to reverse and terminate its status as a respondent in discovery. We affirm and remand for further proceedings, reversing the contempt order due to elevate Care's good faith belief that the trial court had erred.

¶ 6                                   Background

¶ 7    After suffering a spinal cord injury resulting in quadriplegia, Yvonne Williams resided at Windsor Estate, a nursing and rehabilitation center, from January 6 to February 2, 2021. Williams claims that while at Windsor Estate, she developed pressure ulcers that required multiple medical procedures.

¶ 8      After Williams's discharge, Elevate Care entered into an operations transfer agreement with McAllister Nursing & Rehab, LLC, the owner of Windsor Estate, to become the sole operator of the facility. The transfer agreement specified that Elevate Care was not liable for "debts, liabilities or obligations" incurred by Windsor Estate before the closing date. Later that month, Williams's cousin filed a complaint with the Illinois Department of Public Health. After investigating, the Department found that the facility had violated the Nursing Home Care Act (210 ILCS 45/1-101 *et seq.* (West 2022)) and the Administrative Code.

¶ 9      On February 6, 2023, Williams filed a three-count complaint against McAllister Nursing and Rehab, LLC, Windsor Estate Nursing and Rehab Centre, LLC, and Innovative Management Associates, Inc., alleging negligence in providing her care. Count III named Elevate Care as a respondent in discovery under section 2-402, which allows a plaintiff to designate as a respondent in discovery individuals or entities believed to possess information essential to determining potential additional defendants. A respondent in discovery must respond to discovery requests as would a named defendant and can be added as a defendant by motion within six months.

¶ 10      In a signed affidavit attached to her complaint, Williams stated that she requested Elevate Care to produce all records related to her care. In response, Elevate Care turned over 64 pages of progress notes from her time at Windsor Estate. Williams claimed Elevate Care had more records essential for identifying additional defendants. The complaint included a request under Illinois Supreme Court Rule 214 (eff. July 1, 2018) for multiple categories of records, including photographs of Williams, communications between the defendants about her care, and employee contact information.

¶ 11        Elevate Care moved to terminate its status as a respondent in discovery, arguing that to be named under the statute, the plaintiff must genuinely believe or strongly suspect that the respondent in discovery is responsible for the injury and Williams used the section inappropriately. Elevate Care contended that it became the operator of Windsor Estate after Williams was injured, and she knew that, under the transfer agreement, Elevate Care could not be liable for past misconduct and thus, she had no basis for believing Elevate Care could be added as a party.

¶ 12        In addition, Elevate Care filed a motion to strike Williams's Rule 214 request for production of documents, using the same arguments as in its motion to terminate. It argued that the discovery pertained only to Windsor Estate and would not give probable cause to add Elevate Care as a defendant.

¶ 13        Williams then moved for leave to file a first amended complaint. Count III of the proposed amended complaint referred to a transfer agreement, one of the few documents that Elevate Care had produced after being named as a respondent in discovery. Williams alleged that under a provision in the transfer agreement, Elevate Care had to maintain certain records received from McAllister Nursing. Count IV continued to name Elevate Care as a respondent in discovery and requested a response to her Rule 214 requests.

¶ 14        The trial court conducted a hearing on both Williams's motion for leave to amend complaint and Elevate Care's motion to strike discovery requests. The court denied Williams's motion and entertained arguments about the discovery requests. Williams argued that the statute allowed "any entity or person [to be] named as a respondent in discovery if they have information that may lead to the discovery of potential defendants." Elevate Care countered that the statute allows a person or entity to be named as a respondent in discovery only if there

is "some potential" they could be converted to a defendant. Elevate Care asserted that Williams was "not truly seeking information that may lead to the discovery of potential defendants" but was using the statute to make a general discovery request. The trial court sided with Williams and ordered compliance.

¶ 15        Elevate Care filed objections to what it considered Williams's improper use of the respondent in discovery statute. Williams, in turn, moved to compel. At the hearing, Elevate Care argued that the complaint identified the proper defendants, so a subpoena provided the appropriate method for obtaining records possessed by Elevate Care's.

¶ 16        The trial court again ordered Elevate Care to produce the documents. Williams orally requested sanctions against Elevate Care, which the trial court declined, stating, "Well, I think [Elevate Care] ha[s] a good faith argument here. I just disagree with it and I want to try to be as efficient as possible."

¶ 17        After Elevate Care continued refusing to comply, the trial court denied its motion to terminate its status as a respondent in discovery and held Elevate Care in friendly contempt, imposing a $1,000 fine.

¶ 18                                        Analysis

¶ 19        Elevate Care asks us to reverse and vacate all the orders and remand with instructions to remove it as a respondent in discovery.

¶ 20        Statutory construction gives effect to the legislature's intent expressed by the plain and ordinary meaning of the statute's words. *Maksym v. Board of Election Commissioners of Chicago*, 242 Ill. 2d 303, 318 (2011). When the language is clear and unambiguous, we apply it as written, without resorting to extrinsic aids of statutory construction. *Blum v. Koster*, 235 Ill. 2d 21, 44 (2009). A court may not append new provisions, change existing ones, or

assume exceptions, limitations, or conditions unexpressed by the legislature. *Hines v. Department of Public Aid*, 221 Ill. 2d 222, 230 (2006). Because the construction of a statute presents a legal question, our review is *de novo*. *Maksym*, 242 Ill. 2d at 318.

¶ 21                          Section 2-402: Respondent in Discovery Status

¶ 22          Elevate Care argues that, under section 2-402, a party can be named as a respondent in discovery only when the plaintiff has a good faith belief that the respondent itself, and only the respondent, can be converted to a defendant. Elevate Care contends Williams lacked a good faith belief because Elevate Care was not the nursing home operator of the nursing home during Williams's care. Elevate Care refers to the transfer agreement, which states that Elevate Care could not be held liable if Windsor Estate is found negligent. Elevate Care asserts Williams is improperly using the statute to obtain discovery it could not obtain from the named defendants, and instead she should issue subpoenas.

¶ 23          The statute proceeds chronologically. The first paragraph of section 2-402 states:

"The plaintiff in any civil action may designate as respondents in discovery in his or her pleading those individuals or other entities, other than the named defendants, believed by the plaintiff to have information essential to the determination of who should properly be named as additional defendants in the action.

Persons or entities so named as respondents in discovery shall be required to respond to discovery by the plaintiff in the same manner as are defendants and may, on motion of the plaintiff, be added as defendants if the evidence discloses the existence of probable cause for such action." 735 ILCS 5/2-402 (West 2022).

¶ 24          Under the statute's plain language, the plaintiff only needs to "believe[ ]" that the respondent has "information essential to the determination of *who* should properly be named

as additional defendants in the action." (Emphasis added.) *Id.* Nothing in the wording restricts what this "information" can be, besides concerning the identification of additional defendants. But, only the respondent "may" be converted to a defendant by motion.

¶ 25   Elevate Care refused to respond to Williams's Rule 214 request for additional information, despite having her medical records from Windsor Estate.

¶ 26   Elevate Care presents a Catch-22 argument. Elevate Care would prevent Williams from receiving the information she needs to name all culpable parties unless she can demonstrate that Elevate Care could be converted into a defendant without having her complete medical records. Elevate Care contends that the transfer agreement and the findings of the Illinois Department of Public Health preclude the possibility of adding it as a named defendant. This is incorrect.

¶ 27   Williams's Rule 214 request could reveal pertinent details to decide if Elevate Care or others should be named as defendants. Thus, Williams's use of the respondent in discovery statute was appropriate.

¶ 28   Elevate Care's reference to the transfer agreement is a nonstarter, regardless of whether the transfer agreement shields it from liability. First, Williams did not know the contents of the transfer agreement until after it filed the complaint with Elevate Care as a respondent in discovery. Second, nothing in the agreement prevents Williams from naming Elevate Care as a respondent in discovery or as a defendant. Nor would principles of contract law prevent her from suing Elevate Care, as she was not a party to the transfer agreement.

¶ 29   According to Williams, the Department's letter contradicted the transfer agreement when it named "Elevate Care Country Club Hill" as responsible for Williams's improper nursing care. This led her believe that Elevate Care, as the "provider or supplier," possessed her

medical records, which might contain information that could lead her to identifying additional defendants.

¶ 30    Elevate Care relies on cases that are factually distinguishable or that deal with a separate question about the application of section 2-402. For instance, in *Westwood Construction Group, Inc. v. IRUS Property, LLC*, 2016 IL App (1st) 142490, ¶¶ 7, 17, this court concluded that section 2-402 allows a plaintiff to designate a party as a respondent in discovery in an amended complaint after naming them as a defendant in a dismissed complaint. Although the plaintiffs in *Westwood* used section 2-402 to name as respondents in discovery parties they previously attempted to name as defendants, the court did not address the issue here. Indeed, *Westwood* states that the "only limitation is that the designated persons or entities be 'believed by the plaintiff to have information essential to the determination of who should properly be named as additional defendants in the case.' " *Id.* ¶ 17 (quoting 735 ILCS 5/2-402 (West 2012)).

¶ 31    Elevate Care relies on *Ingram v. Angela Intili, M.D., Ltd.*, 2022 IL App (1st) 210656, to illustrate the legislative intent behind section 2-402. But we do not consider the legislature's intent when the statute's language is clear and unambiguous. *Blum*, 235 Ill. 21 at 44. Elevate Care focuses on language that the legislature intended to "allow[ ] plaintiffs to name as respondents in discovery those persons or entities whose culpability cannot be determined at the time the complaint is filed." *Ingram*, 2022 IL App (1st) 210656, ¶ 15. But this is just one of several benefits of section 2-402 described in *Ingram*, including that the section "allows plaintiffs to obtain relevant information from those who possess it in order to determine whether a claim can be stated against *potential defendants*." (Emphasis added.) *Id.*

¶ 32    Likewise, the probable cause threshold in *Cleeton v. SIU Healthcare, Inc.*, 2023 IL 128651, does not apply here. Williams is not attempting to convert Elevate Care from a respondent in discovery to a defendant. In *Cleeton*, the plaintiff, the administrator of decedent's estate, filed a wrongful death suit and named the medical center and several medical professionals respondents in discovery. *Id.* ¶ 1. After receiving discovery, plaintiff moved to convert a doctor from respondent in discovery to defendant. *Id.* ¶ 15. The court stated that the plaintiff must have "an honest and strong suspicion that the purported negligence of the respondent in discovery was a proximate cause of plaintiff's injury." *Id.* ¶ 31. Williams, though, has not moved to convert Elevate Care to a defendant because she awaits information Elevate Care has refused to turn over. So, the probable cause standard is irrelevant.

¶ 33    At oral argument, Elevate Care's attorney raised an argument not included in its briefs and, thus, forfeited. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) ("Points not argued are forfeited and shall not be raised in the reply brief, in oral argument, or on petition for rehearing."). Elevate Care asserted that under rules of grammar, our interpretation of the respondent in discovery statute hinges on the word "who" in section 2-402. (Plaintiff may name as respondents in discovery individuals or entities "believed by the plaintiff to have information essential to the determination of *who* should properly be named as additional defendants." (Emphasis added.) 735 ILCS 5/2-402 (West 2022). Elevate Care considers "who" as referring to the respondent in discovery and not other persons or entities that could be named as a defendant.

¶ 34    Because the forfeiture rules are admonitions to the litigants rather than a limitation on our jurisdiction, we may override considerations of waiver and forfeiture to achieve a just result

and maintain a sound and uniform body of precedent. *Pinske v. Allstate Property & Casualty Insurance Co.*, 2015 IL App (1st) 150537, ¶ 19. Therefore, we will address the argument.

¶ 35        Elevate Care's attorney did not specify a rule of grammar supporting his argument, and we have found none. Regardless, as noted, a plain reading of the statute demonstrates that "who" can be read to include persons or entities with information essential to discovering potential defendants. Indeed, if the legislature intended to limit the statute to respondents in discovery, it could have used terms like "respondents in discovery" or "they," instead of "who." Moreover, Elevate Care's attorney agreed that the statute is unambiguous; thus, we need not look to extrinsic aids of statutory construction like rules of grammar. See *Blum*, 235 Ill. 2d at 44.

¶ 36        Rules of grammar aside, if "who" is synonymous with "respondent in discovery," then what happens when discovery reveals potential defendants other than the respondent in discovery? Surely, the plaintiff could sue them, just that the provisions of section 2-402 would not apply.

¶ 37        The trial court correctly found that Williams named Elevate Care as a respondent in discovery under section 2-402. Contrary to what Elevate Care contends, the statute does not require that a plaintiff have probable cause or intend to convert a respondent in discovery to a defendant. Thus, we affirm the order granting Williams's motion to compel production and remand for proceedings, including the production of all documents that the trial court had ordered produced.

¶ 38                                        Civil Contempt

¶ 39    Elevate Care asks that the civil contempt finding be reversed and it be dismissed from the case because the six-month time limit for converting a respondent in discovery to a defendant expired without Williams seeking an extension.

¶ 40    Williams counters that Elevate Care's absolute refusal to comply with the timely filed discovery obviated the need to seek an extension. See 735 ILCS 5/2-402 (West 2022). We agree and deny dismissal. The statute contemplates this situation when it states "[n]otwithstanding the limitations in this Section," the trial court "may grant additional reasonable extensions from this 6-month period for a failure or refusal on the part of the respondent to comply with timely filed discovery." *Id.* There is no time requirement for filing the motion for extension when the respondent has failed or refused to comply. And for good reason. When a respondent fails or refuses to comply, neither the plaintiff nor the court can predict when the discovery might be completed. Elevate Care's interpretation could easily require multiple extensions, which, considering the failure or refusal to produce the information, would be a waste of time.

¶ 41    Concerning the contempt order, submitting oneself to a finding of contempt can be an appropriate way of challenging the validity of a court order. *Buckholtz v. MacNeal Hospital*, 313 Ill. App. 3d 521, 527 (2000). Appellate courts typically vacate contempt orders when the contemnor's refusal stems from a good faith effort to clarify an issue lacking clear precedent. *In re Marriage of Rosenbaum-Golden*, 381 Ill. App. 3d 65, 82 (2008).

¶ 42    Elevate Care's attorney informed the trial court that his client sought a "friendly contempt order" to obtain appellate review, and the record supports a finding of good faith.

¶ 43    We vacate the contempt order and associated sanction.

¶ 44    Affirmed and remanded.

*Williams v. McAllister Nursing & Rehab, LLC*, 2024 IL App (1st) 231805

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 2023-L-1231; the Hon. Scott D. McKenna, Judge, presiding. |
| **Attorneys for Appellant:** | Joshua G. Vincent and Richard C. Harris, of Hinshaw & Culbertson LLP, of Chicago, for appellant. |
| **Attorneys for Appellee:** | Lawrence B. Finn, of The Finn Law Firm, of Chicago, for appellee. |